IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JEDIDIAH GODFREY | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-335 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jedidiah Godfrey, a prisoner previously confined at the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent filed a Motion for Summary Judgment (doc. #7), and Petitioner filed a Response (doc. #10). This Report and Recommendation considers the merits of the Motion for Summary Judgment and Petitioner's Response.

Factual Background

On May 21, 2020, Petitioner was charged with possession of a hazardous tool, in violation of Disciplinary Code 108. The charging officer described the incident as follows:

> On May 21, 2020, at approximately 9:00 a.m., the SIS office reviewed a cell phone data extraction report (0746-20-MNA) for a black in color, Samsung Galaxy cell phone IMEI #359265101748800 (ECN MNA-20-0077), which was recovered during a search on February 17, 2020. While reviewing the report, I discovered unauthorized pictures taken inside the Camp at FPC Marianna. The pictures were on pages 253, through 254 and dated December 7, 2019. The inmate in the photographs was identified as inmate Godfrey, Jedidiah Reg. No. 17943-030. In these photographs inmate Godfrey knowingly participated in having unauthorized self-taken pictures

> taken in the cell/ cubicle of FPC Marianna as depicted by the white block walls and the standard inmate clothing at FPC Marianna. Based on the physical evidence from this report, it can be concluded inmate Godfrey had possession of and or used this device on December 7, 2019.

(Doc. #1 at 21.) Petitioner received a copy of the incident report on May 21, 2020. The next day, the Unit Disciplinary Committee (UDC) conducted a hearing. Petitioner told the UDC that he used the device at the time the photographs were taken, but he had not used it in 2020. Petitioner stated that he would have gotten rid of the phone during an amnesty period if it belonged to him. The UDC and referred the incident report to the Disciplinary Hearing Officer (DHO) for further proceedings. *Id*.

The DHO hearing was conducted on June 18, 2020. (Doc. #1 at 22.) After considering the charging officer's report and Petitioner's statement at the hearing that he did not use the phone, the DHO found Petitioner guilty of possessing a hazardous tool. Explaining his reasoning, the DHO wrote:

> The DHO considered your statement that you denied the charge. You did not use the phone. Although you denied the charge, you did not provide any evidence to refute the charge that you committed the prohibited act of use, possession, or introduction of a hazardous tool (cell phone), code 108. Your inmate handbook states under the Searches heading, You will be held responsible for all contents of your locker, room, and [personal] property. If any unauthorized items, or CONTRABAND, are found during any of the searches, they will be confiscated and you will be subject to disciplinary action. The DHO considered your statement that you have no comment and that you did use the cellular telephone, and that you knew you were not allowed to have or use a cellular telephone. It was also considered that your only contention was that the charge of code 108 was not supported by the written incident report. The DHO relied on Program Statement 5270.07 which allows the DHO to change the charge when the evidence warrants such action. The DHO strongly felt that your action was a circumvention of the monitoring system. By using a cellular telephone, instead of the Inmate Telephone System, you completely bypassed the system staff use to monitor those telephone calls. . . .

> This warrants the finding that you committed this act with a tool which bypasses institution security devices. During your hearing you did [not] provide any evidence to your claim or statement that support that you did not [commit] the prohibited act of possession of a hazardous tool, code 108. The DHO found base [sic] on the greater weight of the evidence in the officer's written account of the incident and supporting documents. Accordingly, it is the finding of the DHO that you committed the prohibited act as charged.

(Doc. #1 at 24.) As punishment for the Code 108 violation, Petitioner lost telephone and commissary privileges for 6 months, he was placed in disciplinary segregation for 30 days, and he forfeited 41 days of good conduct time. (Doc. #1 at 24-25.) Petitioner was provided a copy of the DHO's written findings on August 20, 2020. (Doc. #1 at 25.)

### The Petition

Petitioner claims he was denied due process at the DHO hearing because two of his witnesses were not allowed to testify at the hearing and he was denied a staff representative.

### Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S.

317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir. 1991). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Naranjo v. Thompson*, 809 F.3d 793, 806 (5th Cir. 2015) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

<u>Analysis</u>

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. The inmate is entitled to the following: 1) notice of the charges; 2) the right to be present at the hearing; 3) the right to present witnesses and evidence; and 4) the right to receive a written copy of the hearing record. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009); *Smith v. Rabalais*, 659 F.2d 539, 542 (5th Cir. 1981).

Petitioner contends that he was denied due process because he was not permitted to call two witnesses to testify at the DHO hearing. Inmates do not have an unrestricted right to call witnesses at disciplinary hearings. *Wolff*, 418 U.S. at 566. Prison officials have discretion to refuse to call witnesses, particularly where the testimony would be irrelevant or unnecessary. *Id.* Further,

4

confrontation and cross-examination of witnesses are not required in prison disciplinary hearings. *Id.* at 567-68; *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Petitioner states that he wanted to call Carlos Vazquez and Dustin Powell to testify. Petitioner alleges Mr. Vazquez also received a disciplinary infraction for possessing the phone, and he would testify regarding that disciplinary infraction at the disciplinary proceeding. Petitioner states that Mr. Powell would have testified that he was shown the photographs of Petitioner and the date on which he saw the photographs.

Respondent contends that Petitioner did not request witnesses for the hearing, but the record shows otherwise. On the Notice of Disciplinary Hearing Before the DHO, dated June 5, 2020, it is noted that Petitioner requested witnesses Dustin Powell and Carlos Vazquez to testify at the hearing. (Doc. #7-1 at 46.) Neither witness testified at the hearing, but Mr. Powell submitted a written statement saying that he did not recall Petitioner owning or using a cell phone when they were cellmates. (Doc. #7-1 at 48.) The DHO considered Mr. Powell's written statement in addition to the other evidence presented at the hearing. (Doc. #7-1 at 4.)

Federal habeas relief is not available unless the petitioner was prejudiced as a result of the alleged constitutional violation. *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993). Although Petitioner was denied live witnesses at the DHO hearing, he has not demonstrated that the denial of live witnesses affected the outcome of the proceeding. In light of the evidence that Petitioner had possession of the phone when the photographs were taken on December 7, 2019, the result of the disciplinary hearing would not have been different if Mr. Powell had appeared live to testify, or if Mr. Vazquez had been allowed to testify that he also received a disciplinary infraction for possessing

the phone. Because Petitioner has not demonstrated that he was prejudiced by the denial of witnesses, he is not entitled to relief on this ground.

Petitioner also contends that he was denied the assistance of a staff representative to assist him at the DHO hearing. Respondent contends that Petitioner did not request a staff representative, but he would not be entitled to a staff representative even if he had requested assistance.

Inmates do not have a right to counsel at disciplinary hearings. *Wolff*, 418 U.S. at 570. If there are complex issues involved, or the inmate is illiterate, he should be allowed to seek assistance from another inmate or a staff member. *Id*. In this case, Petitioner did not meet the criteria for assistance. The issue of whether Petitioner possessed a cell phone is not complex, and there is nothing in the record indicating that Petitioner is illiterate. Therefore, the lack of a staff representative did not deny Petitioner due process.

## Recommendation

This Petition for Writ of Habeas Corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE